### HITCHCOCK v. BURCHELL.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

GUARANTY—FAILURE OF CONSIDERATION—EVIDENCE—DIRECTION OF VERDICT.
On the purchase of certain premises from one who acquired title through foreclosure the purchaser executed a bond secured by mortgage for part of the price, and defendant guarantied the bond. The foreclosure sale was thereafter set aside, and the payee in the bond, with full knowledge thereof, assigned it to plaintiff as trustee, who sued to recover on the guaranty. Held, that a direction of verdict for defendant for failure of consideration was proper.

Appeal from trial term, Kings county.

Action by Samuel Hitchcock against Richard W. Burchell. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,. WOODWARD, and HIRSCHBERG, JJ.

Charles Cappron Marsh (Daniel De Wolf Wever, on the brief),. for appellant.

Woodville Fleming, for respondent.

WOODWARD, J. This action was brought to recover the sum of $1,500 and interest, alleged to be due from defendant by reason: of his guaranty upon a certain bond executed by one Joseph H. Mathews to Maria Van Wicklen, on the 9th day of May, 1889. One Charles H. Davidson was indebted to Maria Van Wicklen in the sum of $7,000, which was evidenced by bond of that date, and secured by mortgage on certain lands in Queens county. Said mortgage was duly recorded on May 10, 1889. Maria Van Wicklen,. the original mortgagee, assigned the said bond to John H. Stoutenburgh, trustee, to secure an advance of $2,500. The trustee, on. April 9, 1900, brought an action in the supreme court for the county of Queens against Davidson, the Ozone Park Land Company (guar--

anty of Davidson), and others, for the foreclosure of said mortgage, and obtained a decree of foreclosure, which was entered of record May 14, 1900, in the supreme court in Queens county. The mortgaged premises were sold in pursuance of this decree on the 21st day of June, 1900. Robert F. Little, attorney representing Maria Van Wicklen, the principal judgment creditor in the foreclosure proceeding, became the purchaser at said sale. The deed to the premises was made to the said Robert F. Little by the referee appointed under the decree of the foreclosure, and the said Little executed and delivered a deed of the land to Joseph H. Mathews, the said Mathews paying the full amount of the purchase money except the sum of $1,500, for which sum Joseph H. Mathews executed and delivered a bond payable to Maria Van Wicklen for the sum of $3,000, conditioned upon the payment of $1,500, part of the purchase money, which bond was secured by a mortgage upon a part of the said land deeded by said Mathews to said Little. Thereafter, and on the 12th day of October, 1901, the said foreclosure sale was, at the instance of the Ozone Park Land Company, set aside by order of the supreme court in Queens county, which said order was subsequently affirmed by the appellate division; and after the entry of the order setting aside the sale, and with full knowledge of all the facts, Maria Van Wicklen made an assignment of the bond given by Joseph H. Mathews, upon which bond this respondent was guarantor, to Samuel M. Hitchcock, trustee, for the purpose of securing to her, said Maria Van Wicklen, a sum of $828.91, being the balance of the $1,500 for which the bond of Mathews was given. Said assignee, Hitchcock, brought this action against Burchell, the guarantor; and among the other defenses which appear in the answer the defendant sets up failure of consideration. On the trial of the action, and at the close of the evidence, the learned trial justice directed a verdict for the defendant, and from the judgment entered upon such verdict the plaintiff appeals to this court.

An examination of the evidence, aided by the brief of the appellant, fails to disclose any lawful consideration for the bond which is the basis of this action; and the fact that Maria Van Wicklen, by a failure to record her mortgage, is not protected by the order of the court setting aside the sale, does not give her a right of action here.

The judgment and order appealed from should be affirmed, with costs. All concur.